IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| CAROLYN M. WILDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10-CV-024 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for Supplemental Security Income ("SSI") benefits. For the reasons set forth herein, defendant's motion for summary judgment [doc. 14] will be granted, and plaintiff's motion for summary judgment [doc. 10] will be denied. The final decision of the Commissioner will be affirmed.

I.

*Procedural History*

Plaintiff applied for benefits in April 2008, claiming to be disabled by carpal tunnel syndrome, anxiety, arthritis, leg pain, and degenerative disc disease. [Tr. 94, 113]. She alleges a disability onset date of April 20, 2008. [Tr. 23].

The claim was denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") in July 2009.

In August 2009, the ALJ issued a decision denying benefits. He concluded that plaintiff suffers from the severe impairments of "anxiety, dysthymic disorder, chronic bilateral wrist pain, mild lumbar degenerative disc disease, migraines, hyperthyroidism, diabetes mellitus, morbid obesity, and pains of the left ankle and knee," but that those conditions are not equal, individually or in combination, to any impairment listed by the Commissioner. [Tr. 12-13]. The ALJ found plaintiff's subjective complaints to be not fully credible. [Tr. 18].[1] The ALJ concluded that plaintiff retains the residual functional capacity ("RFC") to perform a range of light exertion. [Tr. 15]. Relying on vocational expert testimony, the ALJ further concluded that a significant number of jobs exist in the national economy that plaintiff can perform. [Tr. 19-20]. Plaintiff was thus ruled ineligible for SSI benefits.

Plaintiff then sought review from the Commissioner's Appeals Council. On December 16, 2009, review was denied, not withstanding plaintiff's submission of more than fifteen pages of additional medical records. [Tr. 1, 4].[2] The ALJ's ruling then became the

---

[1] The ALJ observed in part, "Another factor influencing the conclusions reached in this decision is the claimant's generally unpersuasive appearance and demeanor while testifying at the hearing. It is emphasized that this observation is only one among many being relied on in reaching a conclusion regarding the credibility of the claimant's allegations and the claimant's residual functional capacity." [Tr. 18].

[2] Plaintiff's additional documents [Tr. 514-531] are not discussed in her brief and are thus

(continued...)

Commissioner's final decision. 20 C.F.R. § 416.1481.

Through her timely complaint, plaintiff has properly brought her case before this court for review. *See* 42 U.S.C. § 405(g). She argues that the ALJ did not properly consider or explain his rejection of certain consulting and nonexamining medical source opinions.

II.

*Background and Testimony*

Plaintiff was born in 1973. [Tr. 94]. She stands 5'3" tall and weighs as much as 332 pounds. [Tr. 450]. She can drive, grocery shop, cook, houseclean, care for her young child, groom herself, go to the park and restaurants, visit with her boyfriend weekly, attend flea markets every few weeks, visit relatives, and make scrapbooks. [Tr. 28-29, 35, 141-45, 180-83].

Plaintiff claims to suffer bilateral wrist pain and right thumb numbness due to carpal tunnel syndrome. [Tr. 29-30]. She purports to "get nervous around people I don't know, and around big groups of people it makes me nervous." [Tr. 27, 148].

---

[2](...continued)
not an issue on appeal. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

III.

*Relevant Medical Evidence*

A. <u>Mental</u>

Plaintiff attended an intake interview at Bristol Regional Counseling Center ("BRCC") in January 2008. According to the notes of that appointment, plaintiff "report[ed] mild symptoms of anxiety and irritability and state[d] 'I don't like standing up in front of crowds.'" [Tr. 329]. The initial counseling session the following week was largely devoted to information-gathering by the counselor. [Tr. 330].

Clinical psychologist Steven Lawhon performed a consultative mental status examination in June 2008. In material part, Dr. Lawhon wrote, "The claimant appears to be mildly to moderately anxious and depressed as evidenced by her affect, mood, and self report. . . . Her intellectual functioning is estimated to be in the average range. She was rational, oriented, and did not display evidence of a thought disorder." [Tr. 389]. Dr. Lawhon opined that plaintiff would be moderately limited in concentration and persistence, and that she would be mildly to moderately limited in work adaptation. [Tr. 390].

Rebecca Joslin, Ed. D completed a Mental RFC Assessment in August 2008. Dr. Joslin's RFC conclusions were,

> A. Claimant can understand and remember for simple, detailed and complex tasks.
>
> B. Claimant can, with some diff[iculty] sustain concentration and persistence for simple and detailed non comlex [sic] tasks.

4

C. Claimant can interact with the public, and others.

D. Claimant can set limited goals and adapt to infrequent change.

[Tr. 415].

Plaintiff returned to BRCC for three counseling sessions in the fall of 2008. The sessions focused on grief, anxiety, and relationship issues. [Tr. 442-44].

Treating physician Marin Dimitrov completed a mental vocational assessment form in 2009. Dr. Dimitrov rated plaintiff as "unlimited / very good" in all areas, including relating predictably in social situations and understanding, remembering, and carrying out job instructions both simple and complex. [Tr. 463].

## B. Physical

The administrative record documents difficulties with mild degenerative disc disease, morbid obesity, diabetes, hernia, and thyroid problems. [Tr. 207, 361, 429, 446, 502]. On appeal, plaintiff has not raised any arguments pertaining to these conditions.

Plaintiff does challenge the ALJ's consideration of her carpal tunnel complaints. A July 2006 nerve conduction study was consistent with mild median neuropathy at the right wrist, but not the left. [Tr. 366]. Plaintiff reportedly underwent surgery for left wrist pain in 1999 or 2000. [Tr. 382].

Dr. Krish Purswani performed a consultative examination in June 2008. [Tr. 382-86]. Both wrists were non-tender and normal on inspection. [Tr. 384]. Carpal tunnel testing was negative bilaterally. [Tr. 384-85]. Dr. Purswani did not predict that plaintiff

5

would have any vocational limitation in the manipulative use of either wrist. [Tr. 386].

Nonexamining Dr. Kanika Chaudhuri completed a Physical RFC Assessment form in June 2008. In material part, Dr. Chaudhuri opined that plaintiff would be "limited" in her repetitive use of the right hand. [Tr. 394].

IV.

*Applicable Legal Standards*

This court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. *See* 42 U.S.C. § 1382(a). "Disability" is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical

or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof at the first four steps. *Walters*, 127 F.3d at

529. The burden shifts to the Commissioner at step five. *Id*.

V.

*Analysis*

The ALJ concluded that plaintiff retains the RFC to perform light work

> which does not involve complex tasks and which does not require frequent manipulation of the hands. . . . She is able to understand and remember simple, detailed and complex tasks. She is able, with some difficulty, to sustain and concentration [sic] and persistence for the performance of simple and detailed, non-complex tasks. She is able to adequately interact with the public. She is able to set limited goals and adapt to infrequent changes.

[Tr. 15]. This RFC is consistent with the vocational hypothetical that the ALJ posed to the vocational expert at the administrative hearing, which adopted in full the RFC conclusions of Dr. Joslin. [Tr. 36-37, 415].

On appeal, plaintiff cites three instances in which the ALJ allegedly failed to consider, and explain his rejection of, medical source opinions. *See generally* 20 C.F.R. § 416.927(d), (f). First, plaintiff correctly points out that the ALJ failed to explain the weight accorded to the opinion of consulting clinical psychologist Lawhon. As noted above, Dr. Lawhon opined that plaintiff would be moderately limited in concentration and persistence, and that she would be mildly to moderately limited in work adaptation. [Tr. 390].

The ALJ instead adopted the RFC assessment of Dr. Joslin but did not explain why he found that nonexamining source more persuasive than Dr. Lawhon. [Tr. 16]. The court however deems this error harmless. The conclusions of these two sources pertaining to concentration, persistence, and adaptation are, in the court's view, not materially

distinguishable. If there is a meaningful difference between the two, plaintiff's briefing fails to point it out, thereby waiving the issue. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

Next, plaintiff argues that the ALJ ignored certain moderate limitations predicted in the "Summary Conclusions" section of Dr. Joslin's Mental RFC Assessment form. [Tr. 413-14]. However, the Commissioner's Program Operations Manual System ("POMS") explains that this section of the form is "**merely a worksheet** to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and **does not constitute the RFC assessment**." POMS § DI 24510.060(B)(2)(a), https://secure.ssa.gov/apps10/poms.nsf/links/0424510060 (last visited Jan. 13, 2011) (emphasis in original); *see also Kirves v. Callahan*, No. 96-5179, 1997 WL 210813 (6th Cir. Apr. 25, 1997) ("this circuit has viewed [POMS] as persuasive authority"). It is instead Section III of the assessment form where "the **actual mental RFC assessment is recorded**," POMS § DI 24510.060(B)(4)(a) (emphasis in original), and the ALJ adopted the findings of that section in full. [Tr. 15, 36-37, 415]. Accordingly, there was no error.

Lastly, plaintiff argues that the ALJ failed to address, or explain his rejection of, the opinion of nonexamining Dr. Chaudhuri that she would be "limited" in the repetitive use of her right hand. [Tr. 394]. Plaintiff is incorrect. The ALJ addressed Dr. Chaudhuri's assessment [Tr. 15], credited it [Tr. 19], and incorporated it into his RFC finding by restricting plaintiff from frequent manipulation with *either* hand. [Tr. 15].

9

To the extent that plaintiff would argue that Dr. Chaudhuri's use of the word "limited" means that she is more restricted than what was found by the ALJ, her briefing to this court does not endeavor to explain through the use of objective evidence how or why she is unable to do less than frequent manipulation with her hands. The issue is thus waived. *See Hollon*, 447 F.3d at 491; *McPherson*, 125 F.3d at 995-96. Success on this point, even if plaintiff had attempted to address it, would be unlikely given that examining Dr. Purswani found no wrist tenderness or evidence of carpal tunnel syndrome [Tr. 384-85] and predicted no vocational limitation whatsoever in the manipulative use of either wrist. [Tr. 386]. It is further noteworthy that plaintiff has not obtained surgery to remedy her allegedly disabling condition of the right wrist even though she has state-sponsored health insurance. [Tr. 26, 29, 96].

In sum, the issues raised on appeal do not lead the court to conclude that the final decision of the Commissioner was not supported by substantial evidence. That decision must therefore be affirmed. An order consistent with this opinion will be entered.

ENTER:

      s/ Leon Jordan
  United States District Judge